**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**CHARLES JESTER, III
ADC # 118067** **PLAINTIFF**

V.            **CASE NO. 5:12CV00033 JLH/BD**

**RAY HOBBS, et al.** **DEFENDANTS**

<u>**RECOMMENDED DISPOSITION**</u>

I.     <u>**Procedures for Filing Objections:**</u>

This Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge J. Leon Holmes. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "statement of necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**II.     Discussion:**

    A.     Background

Charles Jester III, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit under 42 U.S.C. § 1983, alleging that in March 2011, he was improperly disciplined for allegedly possessing a cellular phone and charger.  Mr. Jester claims that he was convicted of the disciplinary without the production of the surveillance video which, he claims, would have proven him innocent of the disciplinary charges.  In addition, he alleges that the disciplinary was wrongly upheld on appeal.  As a result of the disciplinary conviction, Mr. Jester was sentenced to thirty days in punitive isolation and his classification was reduced from level I to level IV.

He names as Defendants the ADC official who wrote the disciplinary, Randy Callas; disciplinary hearing officers, Maurice Williams and Justine Minor; those ADC officials who upheld his disciplinary conviction, Raymond Naylor, William Straughn, and Ray Hobbs; and several other ADC officials, including Corporal Penister, Sergeant Kelly, and Corporal Franklin.  Mr. Jester requests injunctive relief, as well as compensatory and punitive damages.

The Court recommends that Mr. Jester's claims be DISMISSED with prejudice.

B.   Analysis

To prevail on a fourteenth amendment due process claim, a prisoner must show that he was deprived of life, liberty, or property by government action. *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Because Mr. Jester does not allege that Defendants deprived him of life or property, he must rely on the denial of a liberty interest to support his due process claim. *Id*.

A prisoner's liberty interests are limited to freedom from restraint which "imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or to actions which "inevitably affect the duration of [a prisoner's] sentence." *Sandin v. Conner*, 515 U.S. 472, 487 (1995).

Here, Mr. Jester claims that he was sentenced to thirty days in punitive isolation and his classification level was reduced as a result of the unjustified disciplinary conviction. This kind of change in a prisoner's confinement cannot support a due process claim. Placement in punitive isolation for a relatively short interval, even if it means a temporary suspension of privileges while so confined, is not the type of "atypical and significant" hardship that would trigger the protection of the due process clause. See *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003), citing *Kennedy v. Blankenship*, 100 F.3d 640, 642 (8th Cir. 1996) (holding that a demotion to segregation alone, even without cause, was not an atypical and significant hardship); *Portley–El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an

atypical and significant hardship under *Sandin*); and *Furlough v. Brandon*, 2009 WL 4898418 (E.D. Ark. Dec. 15, 2009) (inmate plaintiff failed to state a due process claim, even though assigned to administrative segregation for nearly nine months).

Further, an inmate has no liberty interest in a particular classification. *Sanders v. Norris*, 153 Fed. Appx. 403 (8th Cir. 2005). Without an underlying liberty interest, Mr. Jester cannot prevail on his due process claim.

### III.   Conclusion:

The Court recommends that Mr. Jester's claims be DISMISSED, with prejudice, and that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g). The Court should certify that an *in forma pauperis* appeal of this dismissal would be frivolous and would not be taken in good faith.

DATED this 25th day of January, 2012.

_____
UNITED STATES MAGISTRATE JUDGE